BWW#: 189313

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE:  
JAMES A. NEVINS  
    Debtor

Case No. 15-10956-BFK

Chapter 13

_____

BANK OF AMERICA, N.A.  
    Movant

v.

JAMES A. NEVINS  
    Debtor/Respondent

and

THOMAS P. GORMAN  
    Trustee/Respondent

_____

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the court on December 16, 2015 on the motion of Bank of America, N.A., for relief from the automatic stay with respect to the real property located at 1016 Isabella Drive, Stafford, VA 22554-2021 and more particularly described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND LYING AND BEING IN AQUIA MAGISTERIAL DISTRICT, STAFFORD COUNTY, VIRGINIA, AND DESIGNATED AS LOT NUMBER THREE HUNDRED FIFTY (350) ON A PLAT OF SECTION THREE (3), OF AQUIA HARBOUR SUBDIVISION, RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF STAFFORD COUNTY, VIRGINIA, IN PLAT BOOK 4 AT PAGE 161, TO WHICH REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY. TOGETHER WITH THE RIGHTS TO USE IN COMMON WITH OTHERS THE EASEMENTS OF ACCESS OVER LAND OF ANNE M. MONCURE AS SHOWN ON PLAT RECORDED IN PLAT BOOK 4 AT PAGES 63 THROUGH 66 AND DESIGNATED AS WASHINGTON DRIVE.,

Upon consideration of which, it is

    **ORDERED:**

_____

James M. Flaherty, VSB# 68148  
8100 Three Chopt Road, Suite 240  
Richmond, VA 23229  
(804) 282-0463  
*Attorney for the Movant*

1. The debtor will resume making regular monthly installment payments in the amount of $1,486.06 (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing on March 1, 2016. Late payments will include applicable late charges in the amount of $0.00 (subject to change due to adjustments of the monthly principal and interest payment).

2. The debtor will cure the post-petition arrearage currently due to the movant through February 1, 2016 in the total amount of $6,107.59, which includes 4 post-petition monthly payments due from November 1, 2015 through February 1, 2016 in the amount of $1,486.06 each, filing fees of $176.00, attorney's fees of $850.00, and credit for funds currently in suspense in the amount of $862.65, by filing and obtaining confirmation of an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall provide for payment to the movant of the post-petition arrearage set forth herein over the life of the debtor's current bankruptcy case. The debtor shall file the Amended Plan within 21 days of the entry of this order. After the Amended Plan is filed, the movant shall file an amended proof of claim to include the post-petition arrearage set forth herein.

3. In the event that any payment required by paragraph 1 of this order is not received by the movant within 15 days after it is due, or if the debtor does not file the Amended Plan within 21 days of the entry of this order, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order and/or in timely filing the Amended Plan;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

        f.       That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Alexandria, Virginia

Date: Feb 19 2016

/s/ Brian F. Kenney

United States Bankruptcy Judge

Entered on Docket: 2/23/2016

**WE ASK FOR THIS:**

  /s/ *James M. Flaherty*
James M. Flaherty, VSB# 68148
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

**SEEN AND AGREED:**

  /s/ *Jason S. Greenwood*
Jason S. Greenwood, Esq.
910 Littlepage Street, Suite A
Fredericksburg, VA  22401
*Counsel for the Debtor*

**SEEN, WITH RESERVATION OF RIGHT TO OBJECT TO THE AMENDED PLAN:**

  /s/ *Thomas P. Gorman*
Thomas P. Gorman, Trustee
300 North Washington Street Suite 400
Alexandria, VA 22314
*Chapter 13 Trustee*

## **CERTIFICATION**

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification, addition, or deletion has been made WITH THE EXCEPTION OF THE FOLLOWING:

   a. paragraph 2 of the order has been modified to include a detailed accounting of the post-petition arrearage owed to the movant; and

    b.    paragraph 3 of the order has been modified to include an additional stipulation providing that the debtor's failure to timely file the Amended Plan, in accordance with the requirements set forth in paragraph 2 herein, shall be considered an event of default under the terms of this order; and

    2.    The foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel herein, in accordance with Local Rule 9022-1.

                                               */s/ James M. Flaherty*
                                               James M. Flaherty
                                               Attorney for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

Jason S. Greenwood, Esq.
910 Littlepage Street, Suite A
Fredericksburg, VA  22401

Thomas P. Gorman, Trustee
300 North Washington Street Suite 400
Alexandria, VA 22314

James Andrew Nevins
1016 Isabella Drive
Stafford, VA  22554-2021

AR.MOD.PORL+DEV